**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TITAN TOWING AND ROADSIDE ASSISTANCE,<br>Plaintiff,<br>v.<br>CALIFORNIA HIGHWAY PATROL OFFICER CHRIS SMITH, et al.,<br>Defendants. | Case No. 1:24-cv-01548 JLT EPG<br>ORDER DENYING MOTIONS TO DISMISS AND STRIKE<br>(Docs. 15, 29, 39) |

This matter is before the Court on the defendants' Rule 12 motions to dismiss or strike the complaint by plaintiff Titan Towing and Roadside Assistance. The motions are fully briefed, and the Court took them under submission without hearing oral argument. (*See* Docs. 15, 21, 22, 29, 31, 37, 39, 40, 42.) The motions are **DENIED** for the reasons below.

The parties are familiar with Titan's allegations and the legal standards that govern motions to dismiss under Federal Rule of Civil Procedure 12. It is not necessary to repeat them in this order.

**1. Preclusion.** The defendant highway patrol officers have not demonstrated that the claims against them are precluded under California law. First, because the officers do not rely on a previous judicial decision, but rather on the outcome of a state administrative process, the administrative decision could be preclusive only if it were clear from Titan's complaint that the

procedure "was conducted with sufficient safeguards to be equated with a state court judgment." *Jamgotchian v. Ferraro*, 93 F.4th 1150, 1154 (9th Cir. 2024) (quoting *Plaine v. McCabe*, 797 F.2d 713, 719 (9th Cir. 1986)). The complaint does not permit the Court to determine at this early stage that it was. To the contrary, Titan's allegations plausibly show the administrative process was not overseen by an impartial decisionmaker acting in a judicial capacity, did not resolve disputed issues of fact, and did not gave Titan an opportunity to litigate. *See id.* (citing *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1033 (9th Cir. 1994)) (listing these factors as indicators). Second, even if the administrative decision did have the same preclusive effect as a state court judgment, the officers have not demonstrated that all of the claims against them would be precluded under California law. *See, e.g.*, *White v. City of Pasadena*, 671 F.3d 918, 927 (9th Cir. 2012) (summarizing the relevant test under California authority, such as *Lucido v. Superior Court*, 51 Cal. 3d 335 (1990)).

**2. Declaratory Relief.** Officer Martinho argues there is no case or controversy over the claim for declaratory relief against him because he has retired. The declaratory relief claim against him can proceed against his successor under Federal Rule of Civil Procedure 25(d). The complaint also includes allegations showing more broadly that there is a case or controversy surrounding Titan's federal constitutional rights and the defendants' decision to deny Titan's application for a tow service agreement. Nor is this a situation in which a plaintiff is attempting to challenge an administrative determination improperly. (*See* Doc. 29 at 13 (citing *State of California v. Superior Court*, 12 Cal. 3d 237, 249 (1974)).)

**3. Unruh Act.** The officers argue the claim under the Unruh Act cannot proceed against them because they are not "business establishments." (Docs. 29 at 12; 37 at 8.) The officers' position is unclear. (*See id.*) If they mean to contend that individuals cannot be liable under the Unruh Act, the relevant case law appears to be conflicting at best. *See, e.g.*, *K.S. v. Fremont Unified Sch. Dist.*, No. 06-07218, 2007 WL 4287522, at *5 (N.D. Cal. Dec. 6, 2007) (collecting authority showing individual defendants can be liable). If they mean to make a broader argument about the meaning of "business establishments" and public entities, their theory is murky. They neither discuss nor apply the applicable legal rules. *See, e.g.*, *Brennon B. v. Superior Court*, 13

Cal. 5th 662, 681 (2022) (listing the "attributes" that courts have "focused on" in "parsing the boundaries of what constitutes a 'business establishment'"). They do not cite cases barring a similar claim against officers in a similar position. They assert their position without any meaningful elaboration. "It is the burden of the party bringing a motion to dismiss for failure to state a claim to demonstrate that the requirements of Rule 8(a)(2) have not been met." *Rios v. County of Sacramento*, 562 F. Supp. 3d 999, 1024 (E.D. Cal. 2021) (quoting *Bryant v. Apotex, Inc.*, No. 12-01377, 2013 WL 394705, at *5 (E.D. Cal. Jan. 30, 2013)). The defendants have not carried that burden.

**4. Motion to Strike.** The officers move to strike Titan's reference to Article I, section 2 of the California Constitution as "immaterial" or "impertinent" under Federal Rule of Civil Procedure 12(f). (Doc. 29 at 13.) The function of Rule 12(f) "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike immaterial or impertinent allegations are not granted unless the matter in question clearly has "no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations omitted). The defendants have not demonstrated that the complaint's reference to the California Constitution has no possible bearing on the subject of the litigation, nor that striking it would avoid unnecessary expenditures of time or money. Titan explains in its opposition brief that it offered the citation as "context" and to "illustrate that the rights at issue are fundamental and recognized under both federal and state law." (Doc. 31 at 18.)

**5. Supplemental Jurisdiction.** The four private-party defendants (those who are not officers of the California Highway Patrol) argue the Court lacks jurisdiction over the claim against them. (Doc. 39-1 at 7–9.) The Court has supplemental jurisdiction under the terms of 28 U.S.C. § 1367(a). The claims in this case are all part of the same "case or controversy," i.e., the defendants' allegedly discriminatory efforts to prevent Titan from competing for and winning business from the California Highway Patrol and elsewhere.

District courts can decline to exercise supplemental jurisdiction in the circumstances

specified in 28 U.S.C. § 1367(c). The defendants did not raise arguments under that subsection in their original motion. They cited § 1367(c) for the first time in their reply. "A reply brief is not the time to raise new arguments." *Pratt v. Comm'r of Soc. Sec.*, No. 22-02152, 2025 WL 1446392, at *3 (E.D. Cal. May 20, 2025). The Court has nevertheless considered § 1367(c), given its jurisdictional implications.

The Court will exercise supplemental jurisdiction over the claims against the private-party defendants: the case involves no "novel of complex" issues of state law, *see* 28 U.S.C. § 1367(c)(1); the claim against the private-party defendants does not predominate over any other claims, *see id.* § 1367(c)(2); the Court has not dismissed any claims, *see id.* § 1367(c)(3); and there are no "exceptional circumstances" or "other compelling reasons for declining jurisdiction," *see id.* § 1367(c)(4).

**6. Interference with Economic Advantage.** The four private-party defendants also move to dismiss under Rule 12(b)(6). The sole claim they face is a claim for intentional interference with economic advantage in violation of California law. The elements of this claim "are usually stated as follows: '(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.'" *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003) (quoting *Westside Ctr. Ass'n v. Safeway Stores 23, Inc.*, 42 Cal. App. 4th 507, 521–22 (1996)). To satisfy the third element, "a plaintiff must plead and prove that the defendant's acts are wrongful apart from the interference itself." *Id.* at 1154 (citing *Della Pena v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 393 (1995)).

Given these elements, Titan has offered sufficient "factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Titan alleges that it was pursuing a business relationship with the California Highway Patrol, one that was likely to lead to profitable towing opportunities in the future, and it alleges that it had an ongoing relationship

with another entity. (*See* Doc. 1 at 5, 8.) Titan alleges that the private-party defendants then falsely accused it of failing to fulfill its obligations, and it alleges that they were motivated by longstanding discriminatory animus in addition to a desire to stifle competition. (*See id.* at 6–8.) According to the complaint, these false claims prevented Titan from earning new business and ended its ongoing relationship, leading to losses of more than $200,000. (*See id.* at 8.) Titan's allegations are not "detailed," but detailed allegations are not required. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Titan has offered more than just "labels and conclusions," so it has stated a claim. *Id.* (quoting *Twombly*, 550 U.S. at 555).

The private-party defendants argue for the first time in reply that they enjoy the protection of a state-law privilege. (*See* Doc. 42 at 6–9 (citing Cal. Civ. Code § 47(c).) They could have raised this argument in their original motion, but they did not. As noted, "[a] reply brief is not the time to raise new arguments." *Pratt*, 2025 WL 1446392, at *3. The Court will not consider the litigation privilege now. *See, e.g.*, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

For these reasons, the motions to dismiss and strike (Docs. 15, 29, 39) are **DENIED**.

IT IS SO ORDERED.

Dated: _July 24, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE